### T. MILLIGAN vs. THORN.

A declaration in *slander* is bad, charging the defendant with saying to the father of the plaintiff: "You have brought up your sons to break open letters and steal money out of them; they have broken open letters, and stolen money out of them," if there be no *colloquium* averred of and concerning *the plaintiff*, or *the sons* of the person addressed; although it be stated in the antecedent part of the declaration that the plaintiff is a son of the person addressed.

DEMURRER to declaration. The action is slander. The declaration, after stating by way of inducement that the plaintiff is a son of James Milligan, of, &c. who has several other sons, brothers of the plaintiff, charges the defendant, in a single count, with saying, in a discourse he had with the plaintiff's father, in the presence and hearing of divers good and worthy citizens: "You have brought up your sons to break open letters and take out money; they, (meaning the plaintiff and the other sons of J. Milligan,) have done it, and I know who paid for it. You have allowed your sons to break open letters, and take money out of them; they have broken open letters, and taken money out of them. You have brought up your sons to break open letters, and steal money out of them; they have broken open letters, and stolen money out of them." The defendant demurs, and assigns for cause specially, that the declaration is *double*, the count containing two or more sets of pretended actionable words or causes of action, and that it is informal, &c.

*J. Ellsworth,* for defendant.

*O. G. Otis,* for plaintiff.

ALBANY,
Jan. 1831.

Milligan
v.
Thorn.

*By the Court,* Savage, Ch. J. Different sets of words, importing the same charge, laid as spoken at the same time, may be included in the same count, and the count for that cause is not bad. *Rathbun* v. *Emigh, ante, p.* 407

It is however insisted that the declaration is bad for the want of a *colloquium.* In *Hawkes* v. *Hawkey,* 8 *East,* 431, Lord Ellenborough says the rule laid down in the books is this : " Where the words spoken do not in themselves naturally convey the meaning imputed by the *inuendo,* but also where they are ambiguous and equivocal, and require explanation by reference to some extrinsic matter to make them actionable, it must not only be predicated that such matter existed, but also that the words were spoken of and concerning that matter. This rule is found in *Cowp.* 682, and *Salk.* 694. In *Van Vechten* v. *Hopkins,* 5 *Johns. R.* 220, Van Ness, justice, explains the meaning of an averment, of a colloquium, and of an inuendo. An *averment* is to ascertain that to the court which is doubtfully expressed, and to add matter to make doubtful things clear ; a *colloquium* shews that the words were spoken in reference to the matter of the averment ; and an *inuendo* is explanatory of the subject matter sufficiently expressed before. Where the words are not at all doubtful, and convey a direct charge of an offence, or are otherwise actionable in themselves, no colloquium is necessary ; but where extrinsic matter must be brought in to make the words actionable, a foundation must be laid in the recitals, by way of colloquium or averment. I will take this case by way of example. The plaintiff complains that he has been slandered. He is not named in the slanderous words. An inuendo cannot refer to any thing not previously expressed. The plaintiffs must therefore state a colloquium : That a conversation was had *of and concerning him,* or *of and concerning the sons* of James Milligan. Without this, there is nothing expressed to which the inuendo can refer, when the plaintiff says that he was intended. In *Stafford* v. *Green,* 1 *Johns. R.* 505, the charge was false swearing in a justice's court. There was no colloquium about a trial in that court, but there was an inuendo. The court held that the want of a colloquium was not aided by the inuendo, as that can only

explain, but not enlarge the meaning of words. So in *Thomas v. Croswell*, 7 *Johns. R.* 271, Spencer, justice, says : "An inuendo cannot extend or enlarge the meaning of previous words, and the matter to which it alludes from the antecedent parts of the declaration.

In *Lindsey* v. *Smith*, 7 *Johns. R.* 359, the count stated that in a certain discourse which the defendant had concerning the plaintiff as a justice, he uttered the slanderous words. It was objected after verdict, that the colloquium was not of and concerning a certain cause which was referred to in the slanderous words ; but the court held the colloquium was sufficient to give point and application to the slander. And in *Gidney* v. *Blake*, 11 *Johns. R.* 54, the declaration stated that in a certain discourse which the defendant had with Gidney, *of and concerning his children*, the defendant charged his children to be thieves. The court held this to be sufficient ; that the colloquium points the words, and designates the plaintiff as one of the children intended. In the case now before us there is no such colloquium, about the plaintiff, or about the children of James Milligan. It is that the defendant, in a certain discourse which he had with the father of the plaintiff, in the presence and hearing of divers good and worthy citizens, uttered the slanderous words, "You have brought up your children to break open letters," &c. And when the plaintiff states the inuendo, (meaning the plaintiff,) there is nothing in the antecedent part of the declaration to which the inuendo can point ; there has been nothing ambiguous expressed which the inuendo can explain. The inuendo undertakes not to explain the terms, but to enlarge them. The count is therefore defective for want of a colloquium, and because the inuendo purports to enlarge the meaning of the words by applying them to matter not before stated.

The defendant is entitled to judgment on the demurrer, with leave to the plaintiff to amend, on payment of costs.