## SUPREME COURT.

### ALFRED COBB and others agt. BENJAMIN FRAZEE.

A demurrer will not lie to a part of an entire defence. As, where the plaintiff selected from the answer several sentences, forming a part of the statement of one entire ground of defence, and demurred to that, and replied to the residue; demurrer was overruled. (See *Slocum* v. *Wheeler*, ante, page 373.)

*Onondaga Special Term, May*, 1850.

Mr. ANDREWS, *for plaintiff.*

Mr. CARPENTER, *for defendant.*

GRIDLEY, Justice.—This is a demurrer to a part of an answer. The plaintiff's counsel has selected from the answer several sentences, forming a part of the statement of one entire ground of defence, and demurred to them; while he has replied to the residue of the answer. And the question is not whether the matter demurred to is "*irrelevant* and *redundant*," and subject to be stricken out, on motion, under the 60th section of the code; but whether the plaintiff can demur *except to an entire defence.*

The determination of this question must depend on the provisions of the code. By section 150, it is enacted that "the defendant may set forth by answer as many defences as he may have; but they must be separately stated. By section 153 it is provided that the defendant may plead any matters not inconsistent with the complaint, in avoidance of the *answer* or of *any defence* set up therein; or he may demur to the

*same* for insufficiency, stating in his demurrer the grounds thereof. Now it is quite clear that the words "*the same*," mean the "*answer*" or "*any defence set up therein.*" But if there were any doubt on this point, the next section removes it; for that provides, in express terms, that "the plaintiff may demur to *one* or *more* of several defences set up in the answer, and reply to the residue. The demurrer is not a substitute for the exception of insufficiency in chancery; but it is a mode of objecting to an entire defence on legal grounds, and in that respect is analogous to a demurrer to a plea, under the old common law practice. The separate grounds of defence, separately stated, as prescribed in section 150, take the place of separate pleas.

The defendant might have moved to strike out the demurrer, and that would have been the most correct practice; but both parties have come here to argue the demurrer, and, on examination, it turns out that the demurrer will not lie to a part of an entire defence. It must therefore be overruled.