## LIVINGSTON *against* MILLER.

Where rent reserved in a lease is made payable at such place within a certain county as the lessor may direct, and, in an action for the nonpayment, he in his pleading alleges that he had directed it to be paid at a particular place, and the allegation is controverted by the defendant, a material issue is raised upon the fact of such direction.

Upon such a lease, after the direction is given, the lessee must be prepared to pay his rent according to it.

If, in such a lease, a portion of the rents reserved are personal services, as "two days' riding," the lessor, before bringing his action, should designate where they are to be rendered; *Semble, per* GARDINER, J.

This was an action brought to recover the rent reserved upon two leases of lands held by the defendant of the plaintiff. One of the leases reserved " the yearly rent of twenty-six dollars, two days' riding, and four hens, payable on the first day of January, at the North River, within the county of Columbia, or within lot No. 3, (in which said leased premises are situated,) as the plaintiff should from time to time direct." The other reserved "the yearly rent of twenty-five bushels of good, clean, merchantable winter wheat, of the first quality, four hens, and two days' riding, payable on the first day of January, in each year, at the North River, within the county of Columbia, or within lot No. 3, (in which the said leased premises are situated,) as the plaintiff should from time to time direct."

The complaint set forth the making of the leases, the

possession of the defendant under them, and that the rent payable January 1, 1848, was in arrear upon both leases.

In the answer the defendant admitted the making of the leases, and the possession under them, but insisted that the plaintiff had not performed the condition in the leases contained on his part by directing him where or at what place to pay the rents, and that before the rent become due, he requested the plaintiff to direct him where to pay it, and the plaintiff neglected and refused to do so, and that he the defendant was ready and willing to pay the rents when payable, and was ready when directed where to pay the same to pay them.

The plaintiff replied to the answer, that he " did direct the defendant where to pay the rents reserved in and by the leases mentioned in his complaint against the defendant; that on the morning of the first day of January, 1848, he caused written notices to be served on the defendant, wherein the plaintiff directed the rents payable by the terms of the leases mentioned in his complaint, to be paid and yielded to the said plaintiff at the office of Hubbel, Clark & Company, in the city of Hudson, in the County of Columbia." He also controverted the other allegations of the answer.

The issue thus formed was tried at the Columbia Circuit before Mr. Justice PAIGE and a jury, in June, 1849. On the trial conflicting evidence was given in relation to the service of a notice upon the defendant directing him to pay the rent on the first described lease at the office of Hubbel, Clark & Co. in Hudson. The rent due upon the other lease was shown to be $36·89.

After the testimony was closed, the counsel for the plaintiff claimed that it was not necessary for the plaintiff to serve notices on the defendant, where to pay the rent reserved in the leases. The justice decided that the plaintiff having averred in his complaint, that the rents were payable within the county of Columbia, or within lot No. 3, as the plaintiff from time to time direct, and the

Livingston *against* Miller.

defendant having averred in his answer, that the plaintiff had not directed him where. or at what place he should pay the rents, and that he had requested the plaintiff to direct him where or at what place to pay the same, and the plaintiff having replied, averring that he had served notices on the defendant, directing him where to pay such rents, the service of the notices had been rendered a material fact in the cause for the jury to decide. To this decision the defendant excepted.

The justice then charged the jury, that the case presented by the testimony, was entirely a question of fact for the jury to determine: that if they believed from the testimony, that both the notices introduced in evidence by the plaintiff, were served on the defendant, then the plaintiff was entitled to recover for the full amount of rent due on both leases. If, however, they came to the conclusion, from the testimony, that only one notice had been served upon the defendant, and that, the one produced by defendant's counsel; then the plaintiff was entitled to recover only the amount due upon the lease mentioned in that notice, being, with the interest on the same, $36·89. To so much of the charge as held, that if the jury came to the conclusion from the testimony that only one notice had been served upon the defendant; and that such notice was the one produced by defendant's counsel, then the plaintiff was only entitled to recover the amount due upon the lease mentioned in that notice, being with the interest on the same $36·89, the plaintiff excepted. The justice also charged the jury, that the plaintiff could not recover the rent, unless he had notified the defendant where to pay it. The jury rendered a verdict in favor of the plaintiff for thirty-six dollars and eighty-nine cents. The plaintiff appealed from the judgment rendered thereon and the general term in the second district affirmed the judgment. He thereupon appealed to this court.

*H. Hogeboom, for appellant.* I. The service of notice upon the defendant of the place where to pay the rent was

Livingston *against* Miller.

unnecessary. The latter was bound to ascertain where to pay it. He could defeat the recovery of interest and costs by a tender, and the bringing of the money into court, but he must then aver the tender and bring the money into court or it would be no defence. The justice therefore erred in deciding that the question as to the service of the notice was a material fact in the cause. The averment in the answer was immaterial, and the reply by controverting it, does not necessarily raise a material issue; and if the issue were immaterial it need not be proved. (1 *Ph. Ev.* 205; *Van Rensselaer* v. *Gallup,* 5 *Den.* 458.)

II. The justice erred in charging the jury that if they came to the conclusion from the testimony that only one notice had been served upon the defendant then the plaintiff was only entitled to recover the amount due upon the lease mentioned in that notice, and was not entitled to recover the rent due upon the other lease.

1. The rent due upon the lease, of which it was claimed no notice had been served, was a money rent, and the defendant should have averred a tender and brought the money into court. *Walter* v. *Dewey,* (16 *John.* 222.) 2. The plaintiff was entitled to recover the rent, and the want of notice could only be a bar to the damages, and the plaintiff might not recover interest or costs. (*Wolcott* v. *Van Santvoord,* 17 *John.* 248; *Hunter* v. *Le Conte,* 6 *Cow.* 728–731.) 3. A readiness to pay, and having the money on the land, is insufficient as a tender, unless the money is brought into court. (*Wolcott* v. *Van Santvoord, supra; Eddy* v. *O'Hara,* 14 *Wend.* 221; *Sheriden* v. *Smith,* 2 *Hill,* 538.)

III. The justice erred in charging the jury that the plaintiff could not recover the rent unless he had notified the defendant where to pay it. 1. Such notice was not necessary; and 2. If necessary, it affected the question of damages only. The plaintiff could recover the rent, but not interest or costs.

IV. Notwithstanding the finding of the jury, the judgment should have been for the plaintiff for the whole rent.

Livingston *against* Miller.

Judgment being now entered by the direction of the judge, (*Code* § 278,) and the appeal being from his judgment, it is similar to a motion for judgment *non obstante veredicto.* Judgment *non obstante veredicto* is always given to the plaintiff where the verdict for the defendant is upon an immaterial issue. (*Graham's Pr.* 2d *Ed.* 647; *Bellows* v. *Shannon*, 2 *Hill*, 86; *Burrills' Pr.* 2d *Ed.* 268.) The motion for judgment *non obstante veredicto* is abolished, and the only remedy is by appeal. (*Rules* 49, 54 *and* 76; *Old Rules Sup. Ct.*)

*J. Van Buren* for respondent. The defendant was not in default until the plaintiff had designated the place of performance. 1. Such designation was required by the express terms of the contract, and until made, the lessee was not in default. (2 *Kent Com.* 506–7; *Lobdell* v. *Hopkins*, 5 *Cow.* 516; *Lush* v. *Druse*, 4 *Wend.* 313; *Durkee* v. *Marshall*, 7 *Wend.* 312; *Vance* v. *Bloomer*, 20 *Wend.* 196.) 2. The agreement contemplated a designation either " at the North River," or " within lot No. 3," for the simultaneous payment of the money, rendering of the two days' service and delivery of the four hens, upon the rents becoming due; the covenant in respect to its entire performance in the one place or the other, was indivisible.

GARDINER, J. This was an action, so far as regards the questions presented by this bill of exceptions, upon a lease for twenty-six dollars, two days' riding, and four hens, rent claimed to be due and payable on the 1st of January, 1849. The clause in the lease upon which the principal question arises is as follows: " Yielding and paying therefor, (the demised premises,) unto the said party of the first part, (the plaintiff,) yearly and every year, on the first day of January, during the term, at the North River, within the county of Columbia, or within lot No. 3, as the party of the first part shall from time to time direct." The de-

fendant alleges in his answer to the complaint of the land-lord, that the latter had not directed where or at what place to pay the rents in said lease mentioned, and although the defendant requested the plaintiff to fix the place of payment, the plaintiff neglected and refused so to do. The answer then concludes with an averment of readiness and willingness on the part of the defendant to pay whenever the place should be appointed by the lessor. In his reply, the plaintiff avers that on the first of January, 1848, in the morning, he did, by notice in writing, direct the rents to be paid at the office of Hubbel, Clark & Co., in the city of Hudson; and that he is ignorant of the fact that the defendant was ready or willing to pay as averred in the answer. Upon the issue thus formed the parties proceeded to trial, and the jury found for the defendant. The judge decided that the service of notice where the rent should be paid was rendered material by the pleadings. To this the plaintiff excepted, and this presents the only material question in the case. I think that the learned judge was right in his decision. According to the terms by the lease, the landlord reserved the right to direct whether the rents should be paid on the premises, or at some place upon the North River, within the county of Columbia. Whether he was bound to make an election is not the question, although the one chiefly urged by the counsel for the plaintiff, but whether, having determined the place of payment, the defendant could discharge himself from his obligation by a tender at any other place. Had the jury found according to the express averment by the plaintiff, that he had served a written notice, directing his tenant to pay at Hudson, it would have been no defence to the defendant that he was ready, willing and actually ten-dered the rent at any other place. He would be bound by the election of his landlord, because he had thus cove-nanted. The provision, it is true, was for the benefit of the landlord, but if he chose to avail himself of the privilege

secured by the contract, his election had the same effect
upon the rights of the parties as if the place of perform-
ance had been inserted in the agreement.

The plaintiff, by his replication, had placed himself in the
same situation as if he had averred the same matter in the
complaint, and thus compelled the defendant to have
shown a performance at Hudson, or fail in his defence
altogether. After voluntarily forming an issue of this
kind the plaintiff was not at liberty at the trial, without
any request, to amend or disregard that issue, and to insist
that his rights were the same as if the averment in relation
to notice was struck from the pleadings. He claimed
that it was not necessary to direct the defendant where to
pay the rent. If this should be admitted, it would not aid
him. A right of action might exist without the notice,
but in that event the tenant would probably have had
the right to have paid the rent upon the land without a
personal tender. (*2 Coke R.* 466, *Borough's Case.*)

The tenant might be prepared to show this, or to prove
that the landlord had received the tender. But, if upon
the record it appeared by the allegation of the plaintiff,
that a place of payment had been established by the parties
or by the election of the landlord, under a provision re-
serving to him such a privilege, evidence of the kind above
alluded to would be immaterial, and of course inadmis-
sible. With such evidence, however, the defendant must
be prepared or have a verdict against him, if the plaintiff
should be permitted at the trial to abandon the only issue
on the record, and insist contrary to his own averment,
that he had not made any election as to the place where
the rent was to be paid, and the service rendered. If this
view is correct it disposes of the case, and the judgment
of the supreme court must be affirmed. It is not necessary
to determine whether a designation of the place was a
condition precedent to a right of action upon the part of
the plaintiff. If the contract had been entirely silent, the
place of payment of rent would be the premises demised

SEL. IV.—37.

Livingston *against* Miller.

It would be otherwise a case of a contract for the delivery of portable articles in payment of a debt. In such case the debtor must seek the creditor.

But by the terms of this lease, the defendant could only be required to pay on lot 3, or on the Hudson within the county. From the nature of the return to be made for the use of the land, a part being in service with horses or team of the defendant, it would seem to be reasonable that before bringing suit he should designate where the service should be rendered. And as the rent is entire the money would be payable, and the fowls deliverable at the same place.

The judgment should be affirmed.

All the other members of the court concurred with Judge Gardiner, in affirmance of the judgment of the supreme court, upon the ground that the designation of the place of payment of the rent *was made material by the pleadings.*

Judgment affirmed.