## HALLOCK vs. BELCHER & SACKETT.

42b 199
31ap437

In actions for the breach of a contract, or in actions on an indemnity bond, if the plaintiff states no special damages, in his complaint, he is confined, in his recovery, to such only as arise from the breach, and then only to such as are proximate, and are the fair, legal and natural result of the act provided against.

The condition of a bond given by the plaintiff in an attachment suit to the owner of the vessel on board of which the goods attached were, was that the obligors should pay " all expenses, damages and charges which might be incurred by the owner or master of the schooner, or to which they might be subjected, for unloading said goods from said vessel, and for all necessary detention of said vessel for that purpose." *Held* that the obligee was not entitled to recover, upon the bond, in addition to the expenses, damages and charges alleged to have been directly and immediately incurred by him, in unloading the merchandise from the schooner, compensation for legal expenses to which he has been subjected in defending a suit in Florida, commenced against the schooner, by the consignees of the goods.

IN August, 1859, William H. Sackett and others commenced an action in this court against Hardee & Goodbred, of Florida, for about $500, and issued an attachment, under which the sheriff took some goods on board the schooner Julia M. Hallock, then lying in the port of New York, bound for Florida. Thereupon Belcher & Sackett, defendants in this action, executed to this plaintiff Hallock, the owner of said schooner, a bond, in the penalty of $5000, conditioned for the payment of " all expenses, damages and charges which might be incurred by the owner or master of the schooner, or to which they might be subjected, for unloading said goods from said vessel and for all necessary detention of said vessel for that purpose." The goods so attached were taken by the sheriff from the schooner, and she proceeded on her voyage. Sackett & Co. recovered judgment in their suit for $584.15, but collected nothing upon it. After the arrival of the vessel at Jacksonville, in Florida, a suit was commenced against said schooner in the United States Court, by Hawkins and Hardee, the consignees of the goods, for the recovery of the same, and the vessel was attached by the marshal, and remained under such attachment until released

by giving bonds according to law. The present plaintiff, the owner of the vessel, defended said action and employed counsel for that purpose. He claimed that he was put to necessary expenses in the way of legal fees, amounting in all to $600, and which fees were according to the rate of such charges in Florida, proper and reasonable. In April, 1858, the plaintiff Hallock brought this action, on the bond, claiming to recover $1200 damages, with interest from the 25th September, 1857. The defendants denied the claim. The case was referred, and the referee, on the 17th May, 1861, reported due the plaintiff $1009.03. This amount was made up of the following items:

| | | |
|---|---:|---:|
| Cost of ballast to replace the goods removed, | $13 | 25 |
| Cost of labor in re-stowing the cargo, . . | 30 | 00 |
| The freight on the goods attached and removed, | 45 | 61 |
| Demurrage by reason of the unlading of the goods, 3 days, *a* $30 per day, . . . . | 90 | 00 |
| Legal expenses in Florida, . . . . . . . | 650 | 00 |
| | $828 | 86 |
| Interest from 9th April, 1858, . . . . . | 180 | 17 |
| | $1009 | 03 |

For this amount and the costs of the action, judgment was entered in favor of the plaintiff. The defendants excepted to the findings of fact and conclusions of law reported by the referee, and appealed from the judgment.

*B. W. Bonney,* for the appellants.

*Benedict, Burr & Benedict,* for the respondent.

CLERKE, J. In addition to expenses, damages, and charges alleged to have been directly and immediately incurred by the plaintiff in unloading the merchandise from the schooner, mentioned in the bond upon which this action is brought,

he also claims compensation for legal expenses incurred by him in defending a suit in Florida commenced against the schooner by the consignees of the said merchandise. The referee allows $650 for these legal expenses. Are the defendants liable for them, under the bond? The condition of the obligation provides for the payment of all expenses, damages and charges which may be incurred by the owner or master, or to which they may be subjected, for unloading said goods from the vessel, and for all necessary detention of her for that purpose. The complaint sets up various expenses, damages, disbursements, and charges, for unloading the goods from the vessel, and for her detention for the period of five days. No special damages are stated. The defendants seem to have executed the bond as sureties for the plaintiffs in the action in which the process attaching these goods was issued.

In actions for the breach of a contract, or in actions on an indemnity bond, if the plaintiff states no special damages in his complaint, he is confined, in his recovery, to such only as arise from the breach, and then only to such as are proximate, and are the fair, legal and natural result of the act provided against. (*Among other cases, see Armstrong* v. *Percy, 5 Wend.* 535; *Groat* v. *Gillespie, 25 id.* 383.) The expenses, damages and charges which may be incurred by the master or owner of the vessel in question, or to which they may be subjected, for unloading the goods, are, as in the cases to which I have referred, the necessary, natural and proximate damages resulting from this unloading, and not the expenses to which they may be subjected by any person in Florida, who may suppose that he had a right to have those goods delivered to him there, notwithstanding that they had been taken from the schooner in New York by legal process, regular and valid.

In addition to these considerations, the defendants are sureties; and even if the language of the obligation admitted of any hesitation as to the applicability of these princi-

Hallock *v.* Belcher.

ples to the present case, in analogy to that indulgence with which sureties are regarded, they would be entitled to the benefit of the doubt.

The evidence referred to by the appellants' counsel would have been inadmissible, if properly excepted to. But no proper exception was taken.

The judgment should be affirmed, on the condition mentioned in Judge Sutherland's opinion, and reversed, as he directs, if the condition shall not be complied with.

SUTHERLAND, J. The $650 for legal expenses clearly was not allowable. I have a good deal of doubt whether the item of $45.61 for freight on goods attached &c. was allowable; but, upon the whole, I think the order should be that the judgment be affirmed on condition that the plaintiff deduct therefrom the $650, with interest. If the plaintiff does not consent to make this deduction, within a certain number of days to be fixed by the order, then the judgment to be reversed, without costs to either party, as against the other, on this appeal.

LEONARD, J. dissented.

Judgment accordingly.

[NEW YORK GENERAL TERM, May 2, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]