Monell, Ch. J.
It is clear, I think, that the counter-claim set up in the answer, arises upon two different and perfectly inconsistent causes of action.
It is alleged, that prior to the execution and delivery of the deed, the plaintiff “ stated and represented” to the defendant Slauson, that the premises were free and clear of all incumbrances and other charges. That relying upon such statements and representations, she agreed to purchase the premises. That the deed contains a covenant against incumbrances, &c. That such statements were and are untrue, and were known to the plaintiff to be untrue ; and were fraudulently made, with the intent and design to cheat and defraud the defendant. Then follows a statement of the alleged incumbrances on the property. The demand for affirmative relief is, “ that by reason of the aforesaid breach of the covenants of the plaintiff; and by reason of his aforesaid fraud, &c.,” the defendant has been damaged five thousand dollars.
The sufficiency of the facts alleged as constituting a defense, at least so far as respects the defendant Watkins, is not now before me. The plaintiff, by taking issue upon it, has made it, probably, a material issue (Livingston v. Miller, 8 N. Y. 283).
The first paragraph of the reply denies the existence of one of the alleged incumbrances. That would be a defense to either cause of action, and is properly pleaded. It is so admitted, and is not demurred to.
The second paragraph of the reply is open to the objection that it contains much irrelevant matter, which, I think, would upon motion, be stricken out. But it also contains a denial of the alleged fraudulent representations. That denial, if sustained, would be a complete defense to so much or such part of the counter-claim as rests upon the fraud. And as the fraud is a substantial part of the counter-claim, the denial of such fraud is properly pleaded.
*83 If the breach of the covenant against incumbrances was alone relied on, the facts alleged in that part of the reply demurred to would not be sufficient to defeat a recovery. But the fraud alsb is relied upon.
The irrelevant matter may be stricken out on motion, but can not be reached by a demurrer, if any part of the pleading is otherwise sufficient (Cobb v. Frazee, 4 How. Pr. 413 ; Welch v. Hazelton, 14 Id. 97.)
The plaintiff must have judgment upon the demurrer, with costs.