By the Court.—Monell, Ch. J.
Under the Code, the answer of the defendant may contain a statement of any new matter constituting a defense or counter■claim. If a counter-claim, it mast arise out of the transaction set forth in the complaint, when the action is not upon contract.
This action is not upon contract, and the counterclaim set up in the answer, is of a cause of action arising upon contract ;• so that without sufficient allegations that it arose out of the transactions set forth in the complaint, the matter alleged would not be the subject of counter-claim. There is no such allegation. The subject, as stated, is entirely independent of the plaintiff’s cause of action—has no relation whatever with it, and is a separate cause of action growing out of a contract. But the sufficiency of that pleading can not be examined by us upon this appeal, nor ■could it be by the court below. Upon demurrer, the *469 •court- may look at the preceding pleading. It is not so upon a motion to strike out. hi or are we to ■assume, for the purpose of sustaining it as a counterclaim, that it necessarily is related to, tor connected with, the matter stated in the complaint. The pleader has not so stated it, and it stands upon the record as a separate cause of action (Brown v. Buckingham, 11 Abb. Pr. 387). We might, it is true, in passing upon its sufficiency, assume that it must necessarily have arisen out of the transaction set forth in the •complaint, as otherwise it could not be alleged as a counter-claim; but the question is not before us, and we must, for the purposes of this appeal, regard it as coming within the provision of the Code; as having-been properly and sufficiently pleaded; and, if sustained by proof, as entitling the defendant to judgment in its favor.
The only question, therefore, is, can or should the reply be stricken out %
A counter-claim is not a defense to an action. A defendant may admit the whole of the plaintiff’s cause of action, and set up a new and separate cause of action against the plaintiff; and may obtain affirmative relief, wholly without reference to any claim of the plaintiff against him. Hence, the Code distinguishes it from a defense to the action, and allows it as a mode of settling several controversies in'one action; and because it is Tiew and independent of the plaintiff’s case, issue must be taken upon it by a reply ; and if not replied to, the defendant may move for judgment. A counter-claim not being a defense, a reply to it can not be demurred to, although it may contain new matter. The demurrer being expressly confined to replies to defenses (Code, § 155 ; White v. Joy, 13 N. Y. 89).
The ground upon which the motion was urged, was, that the reply was a “ departure” from the complaint, *470 and should, therefore, be stricken out. The reply-authorized by the Code, allows any new matter to be-all eged not inconsistént with the complaint, and it. is claimed, that as the complaint is in tort, the reply sets up, as an avoidance of the counter-claim, matter-arising upon contract.
The difficulty with this whole question is in the-manner the counter-claim is alleged in the answer. If the pleader had connected it with the diamonds, which the plaintiff avers have been wrongfully converted by the defendants, then, probably no reply would have been necessary. For if the loan was made-upon the same diamonds mentioned in the complaint, it, in connection with the contract of pledge previously set up in the answer, would be a defense to the plaintiff’s action, and not a counter-claim. But there is no such identity between the subject of the complaint and the counter-claim ; and the latter stands out as a separate cause of action, upon which, if not replied to, the defendant may move for judgment.
Had the plaintiff demurred to the counter-claim,, or moved to make it more definite, the court could have determined as to its sufficiency, and whether a reply was necessary ; but having left it upon the record in its form and substance, and taken issue upon it by his reply, he has made it, I think, a material issue (Livingston v. Miller, 8 N. Y. 289).
I cannot give to the Code so narrow a construction as that the new matter set up in a reply may not be inconsistent with the complaint, in cases where the counter-claim is in no way connected with the plaintiff’ s case. If the matter constituting the counter-claim, arose out of the same transaction stated in the complaint, then, doubtless, within the terms of the Code, the matter in avoidance may not be inconsistent. But while a defendant is allowed, by way of cross-action, to allege a separate cause of action against the plain *471 tiff, and may move for judgment if not replied to, the-latter should be allowed to confess and avoid.
The order should be affirmed, with costs.
Curtis, J., concurred.