(27 Misc. Rep. 96.)

### McKESSON et al. v. RUSSIAN CO.

(Supreme Court, Special Term, New York County. April 18, 1899.)

1. PLEADING—DEMURRER—SEPARATE CAUSE OF ACTION.
    A complaint against a common carrier for damages for the loss of certain advertising matter, after stating the value thereof, alleged in another paragraph that "plaintiffs were compelled to print and distribute an additional sheet of advertising matter, at an expense of, and to plaintiffs' further damage in, the sum of $150," and that neither sum was paid. *Held,* that the last paragraph bears only on special damages, and does not constitute a separate cause of action, and that, therefore, defendant could not demur thereto and answer the other portion.

2. SAME—STRIKING OUT DEMURRER.
    Where defendant has erroneously demurred to part, and answered part, of a complaint containing but one cause of action, the proper practice would be for plaintiff to move to strike out the demurrer, and not to require defendant to elect between the answer and demurrer; the latter being proper only where the answer and demurrer are to the same pleading.

3. SAME—ELECTION BETWEEN PLEADINGS.
    Where a motion is made to compel the defendant to elect between his answer and demurrer, which go to different parts of a complaint containing but one cause of action, and the notice of motion prays for such other and further relief as to the court may seem meet, the court has power to grant the relief which is proper, which is to strike out the demurrer.

Action by John McKesson, Jr., and others, against the Russian Company. Motion to compel the defendant to elect between its answer and demurrer. Denied.

The action is for the recovery of damages claimed in consequence of the defendant's alleged failure to deliver certain advertising matter. The material allegations of the complaint are: (1) That the plaintiffs are co-partners; (2) that the defendant is a foreign corporation, and a common carrier of goods for hire; (3) that for a certain compensation it agreed to forward for the plaintiffs, from the borough of Manhattan, New York City, to London, England, via the steamship Campania, and to deliver to certain publishers in said last-mentioned place one certain case of advertising matter, the property of the plaintiffs; (4) that the defendant failed to do so; and (5) that in consequence thereof the use of such advertising matter, which cost plaintiffs $146.40, was wholly lost to them. And following is the exact phraseology of the remainder of the complaint: "(6) That solely by reason of defendant's negligence, as aforesaid, in failing to forward said advertising matter by the steamship Campania, plaintiffs were compelled to and did print and distribute an additional sheet of advertising matter, at an expense of, and to the plaintiffs' further damage in, the sum of $150; that no part of $146.40 and $150 has been paid, although duly demanded. Wherefore plaintiffs demand judgment against the defendant for the sum of $296.40, with interest thereon, besides the costs of this action." The defendant served an answer denying the third, fourth, and fifth allegations of the complaint, and at the same time separately served a demurrer "to the second and separate cause of action stated in the allegation six of the complaint herein, on the ground that said allegation does not state facts sufficient to constitute a cause of action." Whereupon the plaintiffs made the motion referred to.

Livinia Lally, for the motion.
Isaac A. Hourwich, opposed.

GIEGERICH, J. The matters set forth in the sixth paragraph or subdivision of the complaint have a bearing only upon the special damages resulting from the defendant's failure to deliver the advertising matter in question, and hence do not constitute a separate cause of action. Vanderslice v. Newton, 4 N. Y. 130; Hallock v. Belcher, 42 Barb. 199; Abb. Tr. Brief Pl. p. 190, § 210. The complaint is thus found to contain but a single cause of action, and therefore the defendant could not demur to a part, and answer another portion thereof. Code Civ. Proc. § 492; Cobb v. Frazee, 4 How. Prac. 413; Ingraham v. Baldwin, 12 Barb. 9. As the demurrer could, under the circumstances, be interposed only to the whole complaint (Code Civ. Proc. § 492), it is manifest that the one served is defective and should not stand. There appears, however, to have been a misconception by the plaintiffs as to their appropriate remedy. Instead of moving to strike out the demurrer, which would be the proper practice (Cobb v. Frazee, supra; Spellman v. Weider, 5 How. Prac. 5; Smith v. Brown, 6 How. Prac. 383), they have moved to compel the defendant to elect whether it will abide by its answer or by the demurrer. The latter remedy is proper only where the defendant both demurs and answers to the same pleading; but here the situation is entirely different, the defendant having demurred to a part, and answered another part, of the complaint, containing, as seen, but one cause of action, stated in one count. Still, the defect is not fatal, since the notice of motion prays "for such other and further relief as to the court may seem meet," and under these circumstances the court is empowered, in its discretion, to grant other relief than prayed for. Van Slyke v. Hyatt, 46 N. Y. 259, 264; Myers v. Rosenback, 7 Misc.

Rep. 560, 561, 28 N. Y. Supp. 9, affirmed 9 Misc. Rep. 89, 29 N. Y. Supp. 34; 1 Enc. Pl. & Prac. 639.

The demurrer is accordingly stricken out, with leave, however, to the defendant, within 10 days, to withdraw the said answer to a portion of the complaint, and to serve an answer to the entire complaint, upon payment of $10 costs to the plaintiffs.