LOWREY, Respondent, v. OLEAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March, 1899.) Action by Guy T. Lowrey against the Olean Street-Railway Company, impleaded with the Fairmount Improvement Company. No opinion. Judgment affirmed, with costs.

McCAFFERY et al., Appellants, v. HOGAN et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. March, 1899.) Action by Bernard McCaffery and another against John Hogan and another. No opinion. Order affirmed, with $10 costs and disbursements.

McGAHEY, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. July 1, 1899.) Action by Catherine McGahey, as administratrix, etc., against the Nassau Electric Railroad Company. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, unless within 20 days plaintiff stipulates to reduce recovery of damages to $3,500, and extra allowance proportionately, in which case the judgment, as reduced, is affirmed, without costs of this appeal to either party.

McKESSON, Respondent, v. RUSSIAN CO., Appellant. (Supreme Court, Appellate Division, First Department. June 30, 1899.) Action by John McKesson, Jr., against the Russian Company, etc. J. A. Hourwich, for appellant. L. Lally, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 57 N. Y. Supp. 579.

MAIER, Respondent, v. HUBBARD, Appellant. (City Court of New York, General Term. June 29, 1899.) Action by Mary Maier against Helen I. Hubbard for slander. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed. J. Langdon Ward, for appellant. Joseph Rosenweig, for respondent.

HASCALL, J. This action was brought to recover damages for an alleged slander, charged to have been spoken by the defendant, "by and through her agent and attorney, thereunto specially authorized." Plaintiff had a judgment upon a verdict for $1,051.90, and defendant appeals from the judgment and from an order denying her motion for a new trial upon the minutes. The evidence clearly establishes that no slander was uttered, and that, under no construction of terms, can it be made to appear that the defendant committed the actionable fault charged to her, by and through her agent and attorney, specially authorized. It seems to us—First, that defendant's motion for judgment on the pleadings should have been granted (Brooker v. Coffin, 5 Johns. 188; Milligan v. Thorn, 6 Wend. 412); and, second, that it was error to deny defendant's motion for direction of a verdict. The entire testimony shows, in our estimation, that the position of the parties, the words themselves, and the circumstances bring the case at bar quite within the authority of Broderick v. James, 3 Daly, 481; so that, without examining further as to refusals to charge, etc., we conclude that the motion for a new trial on the minutes should have been granted, and therefore reverse the judgment, and order a new trial hereon, with costs to the appellant to abide the event. All concur.

In re MAIRES. (Supreme Court, Appellate Division, Second Department. June 20, 1899.) In the matter of the application for admission to practice of Samuel Evans Maires.

PER CURIAM. Motion granted, and order admitting Samuel Evans Maires as attorney and counselor at law of this court vacated and set aside. It is unnecessary to reserve any privilege of renewing the application. We express no opinion on the question whether the facts which now appear before us will require a denial of the application, if subsequently made. All concur, except BARTLETT, J., who is of the opinion that the deceit which calls for a revocation of the present order ought to preclude the admission of the petitioner to practice hereafter. See 56 N. Y. Supp. 1111.

MANLEY, Appellant, v. McKINSTRY, Respondent. (Supreme Court, Appellate Division, Fourth Department. March, 1899.) Action by George S. Manley against Charles W. McKinstry. No opinion. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MARDEN v. BARKER et al. (Supreme Court, Appellate Division, Fourth Department. March, 1899.) Action by Hannah Jane Marden against Hiram L. Barker, impleaded, etc. No opinion. Motion granted, upon payment of $10 costs of opposing the same, and upon the further condition that the appellant, Barker, shall stipulate, within five days, that the appeal of the plaintiff from that part of the judgment relating to Barker may be withdrawn, without costs. In the event the terms are not complied with in five days, the motion is denied, with $10 costs.